■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHRISTOPHER J. CASSAR, on Behalf of AUSTIN OFFEN, Respondent, v WESLEY BEDNOWSKY, Warden, Appellant. [647 NYS2d 970] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated September 4, 1996, which, after a hearing, sustained the writ to the extent of reducing bail in a criminal action entitled *People v Offen* under Suffolk County Indictment No. 1677/96 from a $500,000 bond or $250,000 cash alternative, to a $250,000 bond or $100,000 cash alternative.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Considering, among other things, "[t]he nature of the offense, probability of conviction, and severity of the sentence which may be imposed, all increasing the risk of flight or unavailability for trial" *(People ex rel. Parone v Phimister,* 29 NY2d 580, 581; *see, People ex rel. Mascia v Jacquin,* 184 AD2d 542; *see also,* CPL 510.30 [2] [a]), we conclude that the bail set by the court which originally arraigned the defendant on the indictment was the product of "an exercise of discretion resting upon a rational basis" *(People ex rel. Parone v Phimister, supra,* at 581; *see, People ex rel. McVann [Lovell] v Bednowsky,* 227 AD2d 423). Therefore, the habeas corpus court exceeded the narrow scope of the review powers available to it, and erred in substituting its discretion for that of the arraignment court *(see, People ex rel. Lazer v Warden,* 79 NY2d 839; *see also, People ex rel. Parker v Hasenauer,* 62 NY2d 777; *People ex rel. Geitschier v Bednowsky,* 227 AD2d 510; *People ex rel. Moore v Bednowsky,* 198 AD2d 251). Mangano, P. J., Miller, Thompson and Sullivan, JJ., concur.